FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 21 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALONZO GALAN,

                    Petitioner,

- against -

PAUL M. LAIRD, Warden,

                    Respondent.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**

08-cv-267 (NG)

**GERSHON, United States District Judge:**

*Pro se* petitioner Alonzo Galan petitions for relief under 28 U.S.C. § 2241. For the reasons described below, Mr. Galan's petition is denied.

## BACKGROUND

Alonzo Galan challenges a prison disciplinary finding that he possessed a weapon at the Brooklyn Metropolitan Detention Center ("MDC") in violation of 28 C.F.R. § 541.13 Code 104.[1] On September 6, 2006, while conducting a search of the petitioner's cell, correctional officers found a seven-and-a-half inch sharpened piece of metal, with a handle made from toothbrushes, hidden under the cell sink. At the time the weapon was found, Mr. Galan, who shared his cell with one other person, had been assigned to the cell for approximately a month.

Following this discovery, petitioner received an Incident Report informing him of the discovery of the weapon. He then appeared before the Unit Disciplinary Committee, where he

---

[1] A § 2241 petition is an appropriate vehicle to challenge prison disciplinary actions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as ... prison disciplinary actions...").

1

denied knowledge of the weapon. The Unit Disciplinary Proceeding referred him to the Disciplinary Hearing Officer ("DHO"). The DHO conducted an administrative proceeding, where Galan testified that he was surprised when the officer found the weapon, and that the previous inmate must have left it behind, but he did not call any other witnesses or request a staff representative. The DHO rejected Mr. Galan's testimony, and sanctioned him to 40 days' loss of good conduct time, 180 days' loss of visiting privileges, and 180 days' loss of telephone privileges. Mr. Galan appealed the DHO's decision to the Regional Office, which denied his appeal on November 1, 2006, and to the General Counsel in Washington D.C., which rejected the appeal first on procedural grounds, and then on the merits.

On January 15, 2008, Mr. Galan filed this petition with the court pursuant to 18 U.S.C. § 2241. He seeks to restore his good conduct time and to expunge all references to the incident from BOP records.

## DISCUSSION

Mr. Galan raises several challenges to his disciplinary hearing. First, Mr. Galan claims that the DHO denied his procedural due process rights to be given notice, the opportunity to be heard, to call witnesses on his behalf, and to have a Spanish-speaking staff representative at his hearing. Pet.'s Brief at 3. Additionally, Mr. Galan argues that his loss of good conduct time was an "arbitrary action." *Id.* Construed liberally, the petition also argues that there was insufficient evidence that the contraband belonged to him. None of these claims has merit.

### A. Procedural Due Process

Prison inmates charged with disciplinary violations do not have "the full panoply of rights" afforded to a defendant in a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see also Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004). However, an inmate is entitled

2

to "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." *Sira*, 380 F.3d at 69 (citing *Wolff*, 418 U.S. at 563-670).

Petitioner received his full procedural due process rights. Galan himself acknowledges being issued an Incident Report, Pet.'s Brief at 2, and he was also provided with a written explanation of his rights, which he signed. As for an opportunity to be heard, a disciplinary hearing was held on September 18, 2006, where Galan testified and had an opportunity to call witnesses. With respect to his right to call witnesses and to a Spanish-speaking representative, Galan specifically waived these rights on a "Notice of Discipline Hearing Before the (DHO)," where he declined to call witnesses and to have a staff member at the hearing.[2] The proceedings, therefore, comported with the requirements of due process.

## B. Insufficient Evidence

Despite Galan's argument to the contrary, sufficient evidence supported the DHO's finding. Due process requires only that the written findings by the disciplinary board be supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (holding that "the findings of the prison disciplinary board [b]e supported by some evidence in the record.") "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the

---

[2] Nothing in the record indicates that Galan asked for language assistance. On the contrary, he waived his right to have a staff member present. Notably, his testimony appears to have been given in English, and his argument, which is repeated in his papers here – that the weapon was not his, and must have been left by the previous resident of his cell – was clearly understood by the DHO, but rejected.

3

relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. "This standard is extremely tolerant and is satisfied if 'there is *any* evidence in the record that supports' the disciplinary ruling." *Sira*, 380 F.3d at 69 (quoting *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000)). However, the "some evidence" standard requires "reliable evidence." *Sira*, 380 F.3d at 69; *Luna v. Pico*, 356 F.3d 481, 488 (2004).

The DHO relied on sufficient reliable evidence to satisfy the "some evidence" test. As the DHO officer stated, an inmate has the responsibility to keep his or her area free of contraband. *See* 28 C.F.R. § 541.12. The contraband was found in Galan's cell, where he had resided for a month, wedged under the sink between pipes, in an area that the DHO found to be "easily accessible" to Galan. Discipline Hearing Report at 2. "Some evidence," therefore, supports the DHO's conclusion.

Galan's case is distinct from those cases in which the court found that a large number of inmates other than the petitioner had access to the contraband. *See Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001) (holding that contraband found in an area in which the inmate worked, but to which approximately one hundred inmates had access, did not satisfy the "some evidence" test against petitioner); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir.1992) (stating that "in the abstract" a weapon found in a vent to which 32 inmates had access would not satisfy the "some evidence" test). Here, the weapon was found in the petitioner's cell, which was shared with only one other inmate and which the petitioner was responsible for keeping free from contraband, not in a common work area or in a vent.

Petitioner's final argument, that one must use a weapon to have committed the charged offense, also fails. Galan argues that use is both an element of the crime of possession and part

4

of the definition of a weapon. 28 C.F.R. § 541.13 Code 104 specifically prohibits "possession" of a weapon.[3] "Possession" in Code 104 is distinct from use. *See Wallace v. Nash*, 311 F.3d 140, 144 (2d Cir. 2002) (stating that the term "possession" is not "intended to encompass 'use.'"). Moreover, although "'weapon' is nowhere defined in the Code . . . the inclusion of that word in a list in which every specified item is inherently dangerous leads [to the inference] that the drafters intended the word 'weapon' similarly to mean objects that may be considered weapons without regard to their use." *Id.* at 145. Thus, there is no use requirement either in the definition of a weapon or as an element of possession. Consequently, an inmate could be found to have possessed a weapon without actually using the weapon.

## CONCLUSION

For the reasons described above, Mr. Galan's petition is denied. The Clerk of Court is directed to close this case.

**SO ORDERED.**

_____
Nina Gershon, U.S.D.J.

Dated: September 17, 2010
Brooklyn, NY

---

[3] Although Galan was specifically charged with possession of a "weapon", Discipline Hearing Report at 1, Code 104 also prohibits possession of a "sharpened instrument." 28 C.F.R. § 541.13.